## GILBERT v. MAYER et al.

### No. 8393.

Court of Civil Appeals of Texas. Austin.

Dec. 9, 1936.

W. A. Johnson and R. G. Hughes, both of San Angelo, for appellant.

Upton & Upton and Travis E. Baker, all of San Angelo, for appellees.

BAUGH, Justice.

Appeal is from a judgment, based upon an instructed verdict, in favor of appellees. The case arose as follows: Appellees owned and operated a ranch in Tom Green county, Tex. Appellant, one of their employees, received serious bodily injuries while operating a fresno in·cleaning out a tank on their premises in August, 1934. He sued appellees for damages, alleging negligence of his employers in the following respects: Failure to furnish him a safe place in which to work; failure to notify him of the presence of concealed stumps on the premises, or to remove same, or to uncover and make same visible; and failure to furnish him lines with which to drive the team hitched to the fresno of sufficient length to enable him to drive such team in safety. Trial was to a jury, but at the close of the evidence the court instructed a verdict for appellees,· and rendered judgment accordingly; hence this appeal.

■ The following facts appear: The appellant had been employed on the premises by appellees for some three years prior to the injury in question and was as familiar with the premises in question as were the appellees. He was experienced in this character of work, having built and cleaned out several tanks before, including the one in which he was injured. Nowhere did he plead or testify that appellees knew of the presence of concealed stumps in the ground in question. It also appears, we think, that appellant had had an equal, if not a better, opportunity to discover the presence of such stumps than had the appellees. There is no contention that there was any defect in the fresno. Likewise the danger complained of was one which appellant, who was a man 43 years of age familiar through previous experience with the same kind of work, was just as competent to discover as was his employer. Not only was he an experienced servant in this character of work, but the risk of striking a concealed or hidden stump in this character of work was obviously one which was ordinary and incident to the work to be done. That being true appellant will be presumed to have been acquainted with and to have assumed such risk. 29 Tex.Jur. § 28, p. 51, and cases cited.

■ The other question raised relates to the equipment furnished. The only contention made in this regard is·that the lines furnished to drive the team were too short to enable the driver to walk back of the fresno and thus avoid danger; that this fact was known to the employer, who directed appellant to go ahead and accomplish the work anyway. Appellant, who was driving the team at the time, was walking alongside the fresno, some two or three feet from it at the time of the injury. His fellow employee, who was operating the fresno, when it arrived at the point for dumping, undertook to dump it, but apparently, just as he did so, the fresno blade struck a stump and the bar which extended backward when the fresno was loaded, and which was used for loading and dumping it, was thrown forward and to one side, striking appellant on the head and seriously injuring him. It is not controverted that appellant .knew as well as appellees that the lines in question were short; and that he called this fact to the attention of one of the appellees, when the work was started. And that, notwithstanding such defect, if such it were, appellant with full knowledge of the fact and of whatever dangers it involved continued such use for a period of three days thereafter before he was injured. It was also shown. that appellant had lengthened the lines somewhat by using a piece of rope; and that plenty of rope was immediately available with which he could readily have lengthened them to whatever length he needed by merely tying such rope to the ends of the lines. Undoubtedly the dangers involved in the use of short lines, and in walking beside the fresno, were as patent, open, and as obviously known to appellant as to his employer; and could have been removed by the simple and expedient process of lengthening them by the use of a piece of rope which appellant testified was immediately available. But in spite of this he chose to continue to use the short lines. This, in addition to the fact that, since he was not operating the fresno, he could readily . have walked far enough away from the fresno to have avoided any danger. Not only do we think the risk was

one incident to the employment in which he was experienced and with the dangers of which he was manifestly familiar; but under the admission made by him that he continued the use of the alleged defective equipment with full knowledge of the dangers involved he must be held to have assumed the risk of injury incident thereto. Houston & T. C. Ry. Co. v. Conrad, 62 Tex. 627; Hamilton v. St. Louis, etc., Ry. Co., 115 Tex. 455, 283 S.W. 475; Hopkins Bridge Co. v. Burnett, 85 Tex. 16, 19 S.W. 886; Gilmartin v. Kilgore, 52 Tex.Civ.App. 177, 114 S.W. 398 (writ ref.); 29 Tex.Jur. p. 201, § 112.

Under the undisputed facts, therefore, we conclude that the trial court properly instructed a verdict for appellees, and the judgment is accordingly affirmed.

Affirmed.