**FULLER v. TEXAS PARK LOT et al.**

No. 13980.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 10, 1939.

J. O. Hughes and Chas. T. Rowland, both of Fort Worth, for appellant.

Arthur Haddaway, John R. Thompson, B. F. Bouldin, and Allen & Gambill, all of Fort Worth, for appellees.

DUNKLIN, Chief Justice.

John Fuller was employed as an attendant in the filling station in Fort Worth, Texas, known as the Texas Park Lot. His duties included the general duties of servicing automobiles brought into the station, such as repairing tires, greasing, polishing and supplying them with gas, lubricating oil, etc.

On or about March 16th, 1938, while engaged in the performance of the duties of his employment, and while servicing a Plymouth car with gas at its rear end that had been brought in there by a customer for that purpose, he was struck and injured by the bumper of another car, a Buick that had been driven in the station by another customer. The floor of the filling station was of concrete and at the place of the accident it sloped north towards Eighth Street. There were three electric gasoline pumps in a row mounted on a stand about six inches high, about three feet apart, located between two driveways leading into Eighth Street. From where the driveway begins to slope there is about a two foot drop to Eighth Street.

Both the Plymouth and the Buick cars were headed north towards Eighth Street, the Plymouth being in front of the Buick. Immediately prior to the accident the Buick was driven in and stopped about 8 feet back of where plaintiff was putting gas in the Plymouth. The driver of the Buick got out and after putting water in that car, he got back in it, after which the Buick moved forward and plaintiff was caught between the bumper of that car and the bumper of the Plymouth which he was then servicing, resulting in serious personal injuries, for which he had medical and hospital treatment, and on account of which he was disabled for work for quite a long period of time.

He instituted this suit to recover damages for those injuries. E. C. Young, the owner of the parking station, B. J. Campbell, lessee, who was operating it, and W. M. Kennard, Jr., alleged to be the owner and in possession of the Buick car, were all made defendants; with allegations that plaintiff's injury was caused by negligence of each and all of them.

It was alleged that defendants, Young and Campbell, maintained and operated the filling station, as partners, and were guilty of negligence in failing to furnish plaintiff a safe place to work, in that, by reason of the sloping floor of the station,

a car left standing without brakes, as was the Buick, would easily roll down upon him; in failing to post some one at the entrance of the station to direct the entry and stoppage of customers' cars entering it, in order to avoid injury to plaintiff while engaged as he was; in failing to forewarn plaintiff of the danger of being struck by the Buick; in failing to arrange for a proper spacing distance between the Buick and where plaintiff was working when he was injured. And further, that all the defendants were guilty of negligence in failing to give plaintiff any warning of the dangerous approach of the Buick while plaintiff was servicing the Plymouth and in time for him to have avoided the injury.

Defendants, Young and Campbell, filed a verified answer, denying that they were engaged as partners in operating the station; and all the defendants filed general denial of the allegations in plaintiff's petition.

Defendant Campbell pleaded specially that it was not customary for filling stations in Fort Worth, or in the State, to employ guards to direct incoming or outgoing cars, or to warn employees of dangers incident to handling cars while in a filling station; that the filling station where plaintiff was injured was operated and equipped in the usual manner of filling stations generally; and that plaintiff's injury was caused solely by the negligent failure of the driver of the Buick car to apply his brakes in time to avoid the injury, and failure to keep his brakes in fit condition for that purpose.

At the conclusion of evidence offered at the trial, the court instructed a verdict in favor of all the defendants, and from a judgment on that verdict, plaintiff has appealed.

The only testimony offered by plaintiff to prove the alleged partnership of defendants, Young and Campbell, was as follows. Plaintiff's testimony that he was employed by defendant Campbell and had worked at that station for four years; Campbell was there most of the time during those four years; Campbell told witness Young was the boss and he was manager; Campbell raised witness's wages from $10 to $12 per week and paid him every week; witness asked Young about allowing a raise in his salary and Young told him it was all right if Campbell was willing; Campbell told witness Young owned the land on which the filling station was oper-

ated, and was getting 40% of the income from operation of the station and he, Campbell, was getting 60%; whenever he felt like it, Young would direct employees there about their work and go out and collect money owing for gas, and witness had seen him fill a car with gas.

Testimony of plaintiff's witness, Carl Martin, that he had been employed at the filling station for more than five years and knew defendants, Young and Campbell, all that time; that Campbell was the boss at the station and in his absence witness acted as boss; Young parked his car there every day and at times would sit around the office.

■■ We do not believe such testimony was sufficient to prove the alleged partnership between Young and Campbell in the operation of the filling station, even if the hearsay testimony of plaintiff as to what they told him relative thereto is given probative effect. The verified denial of partnership placed the burden of proof on plaintiff to establish that relation. Bolding v. Camp, Tex.Com.App., 6 S.W.2d 94.

■ Division of the net income from operation of the station, so as to allow Young 40%, by reason of his ownership of the land on which the filling station was located, and 60% to Campbell, as operator, was insufficient to prove the alleged partnership. Fink v. Brown, Tex.Com.App., 215 S.W. 846; Ogus, Rabinovich & Ogus v. Foley Bros. Dry Goods Co., Tex.Com. App., 252 S.W. 1048; Strawn Nat. Bank v. Marchbanks, Tex.Civ.App., 74 S.W.2d 447, error refused; Gardner v. Wesner, Tex.Civ.App., 55 S.W.2d 1104, error refused.

■ Testimony of Young's habitual parking and presence in the station, occasional trips out to collect accounts due for gas, amounted to no more than a scintilla of proof, insufficient to prove the partnership relation. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059; Bolding v. Camp, supra.

■ Aside from the issue of partnership, the evidence was insufficient to show liability of either Campbell or Young for failure to furnish plaintiff a safe place to work. Plaintiff testified he was 34 years old and had worked at the same station in the same service for four years. All that time he was familiar with the slope of the concrete floor of the station where he was in the habit of working, and was working when he was injured, and of the danger of a car rolling down the incline when left without brakes set and without a driver to control it. Under such circumstances he assumed the risk incident to working on the sloping floor and is in no position to complain of alleged negligence, even if it could be said that a charge of negligence could be based on the failure of the operator of a filling station to see to it that its floor is free of such slopes, which we do not believe can be said.

■ This statement in 29 Tex.Jur., page 52, is supported by many decisions cited: "Knowledge of the risks is charged to an experienced servant as a matter of law, and where the particular task involves no greater risk than that run by anyone who works at an occupation of the kind in question, the servant, whether experienced or not, assumes the risk, unless he has been set at a task outside his usual line of work and the danger is unknown to him."

On page 60 of the same volume, this is quoted from Butler v. Frazee, 211 U.S. 459, 29 S.Ct. 136, 53 L.Ed. 281, which was quoted and followed by our Supreme Court in Hamilton v. St. Louis, S. F. & T. R. Co., 115 Tex. 455, 283 S.W. 475, 476: "Where the conditions are constant and of long standing, and the danger is one that is suggested by the common knowledge which all possess, and both the conditions and the dangers are obvious to the common understanding, and the employee is of full age, intelligence and adequate experience, and all these elements of the problem appear without contradiction from the plaintiff's own evidence, the question becomes one of law for the decision of the court. Upon such a state of the evidence a verdict for the plaintiff cannot be sustained, and it is the duty of the judge presiding at the trial to instruct the jury accordingly."

■ In the absence of any evidence that it was customary for filling station operatives to have some employee on hand to direct drivers of cars coming into the station to stop their cars at such places as will avoid injuring other employees engaged in the duties plaintiff was hired to perform, we conclude as a matter of law, that failure to resort to that precaution cannot be held negligence warranting a recovery in this case.

■ Plaintiff testified that just prior to his injury, he saw the Buick car drive in the station and come to a stop with the

front bumper eight feet distant from him; he then proceeded to service the Plymouth car with his back towards the Buick car, and while doing so, that car ran forward and he was pinioned between its front bumper and the rear bumper of the Plymouth which he was then servicing.

Carl Martin, introduced as a witness for plaintiff, testified he was in the office of the filling station when the Buick car drove up and came to a stop. Its driver then alighted and himself serviced it with water. Then he "crawled back in this Buick and in some way—now as far as knowing just how the accident happened, I don't, but his foot slipped off or he threw it in the wrong gear, I don't know which, and he run down and the two bumpers hit together and John was in between them at the rear of the Plymouth car and the front end of the Buick. Naturally the Plymouth moved some, but I don't know how much it moved. John fell and I ran out and picked him up and brought him in and called for the ambulance. I don't know who the man was that was in the Buick car. I had some words with him but as far as knowing just what I said or what he said I could not be positive. He got out and came in the station and stood there a few minutes." Witness testified further that the driver of the Buick was a white man.

The evidence recited above was ample to support a finding by the court or jury that plaintiff's injury was proximately caused by the negligence of the driver of the Buick car.

 Plaintiff's witness, Satterwhite, deputy tax collector in the auto license department of Tarrant County, testified from those official records that the Buick car was registered in the name of Arch E. Parnum in the year 1937, and was transferred on February 5th, 1938, into the name of W. M. Kennard, Jr., identified as defendant. The judgment recites appearance of that defendant in person at the time of trial, but he did not testify in the case or offer any excuse for not doing so, which of itself raised a presumption against him. 17 Tex.Jur., para. 88, page 308. Under such showing, we conclude that a prima facie case was made out against him, and that the court erred in instructing a verdict in his favor. In briefs filed for him here by his counsel, this is said: "There is testimony that the driver of the Buick car which inflicted the injury was 'mighty white', and while there is no testimony in the record to the effect that W. M. Kennard, Jr., appellee, is a dark negro, such is a fact—of which the court can take judicial notice." We are unable to concur in that view. In this connection it is to be noted that there is an absence of pleading by plaintiff that the Buick car was being operated by Kennard through an agent, if not by himself.

As against defendants, B. J. Campbell and E. C. Young, plaintiff's case appears to have been fully developed, and since plaintiff failed to show right of recovery against either of them, the judgment in their favor is affirmed.

But the judgment in favor of defendant, W. M. Kennard, Jr., is reversed and plaintiff's suit as against him is remanded for a new trial. 3 Tex.Jur., pages 813, 814, and cases there cited.

Affirmed in part and reversed and remanded in part.