## WARING v. HARRIS.
### No. 9303.

Court of Civil Appeals of Texas. Austin.
May 25, 1949.

Rehearing Denied June 15, 1949.

Sedberry & Williams, by H. O. Williams, of San Angelo, for appellant.

Kerr, Gayer & Sutton, by John F. Sutton, Jr., of San Angelo, for appellee.

HUGHES, Justice.

Appellant, Fred Waring, a ranch employee, sued his employer, appellee, Charles T. Harris, for damages for personal injuries sustained by appellant while engaged in "flanking" calves preparatory to de-horning, vaccinating and marking them.

Thirteen special issues were submitted to the jury which answered only nine of them. Appellee moved for judgment upon the verdict of the jury and notwithstanding the verdict. This motion was granted and judgment was entered that appellant take nothing by his suit.

Appellant does not contend that the verdict of the jury entitled him to a judgment but he denies that the verdict of the jury or the state of the evidence, or both, authorized the trial court to render judgment for appellee.

Appellant was 51 years of age and an experienced ranch hand. On the day of his injuries the owner of the ranch, Mr. Harris, was absent and the ranch operations were in charge of Roy Joiner, the foreman. The work at hand, common among ranchers in the spring, was to de-horn, vaccinate and mark the young calves. In order to do this a number of calves are put into a small pen where they can be more easily caught and thrown to the ground, after which the marking, etc., takes place. There seem to be three standard methods of throwing a calf to the ground: Heeling, bulldogging and flanking. "Heeling" is done by a man on a horse who ropes the calf by the heel. "Bulldogging" is done by a man grabbing the animal's horns with one hand, nose with the other and twisting its neck. "Flanking" is done by reaching over the calf, grabbing its ear with one hand and the flank with the other, and aided by the knee a calf is knocked down.

Appellant testified that he was injured in the following manner:

"Well, see, the pen is pretty crowded with calves and quite a bit of dust blowing and I was working kind of in the end of the pen where it runs to the end of the chute and there wasn't as much around there and I was flanking and I picked up this calf and I give it a boot and I was overbalanced and it lunged and come down

on my leg and pinned me down like that and it broke there and smashed it up."

Appellant further testified on direct examination that he did not see the calf which fell on him until after his injury because of the dust and because he was depending on the foreman not to let calves in the pen which were too large to "flank." On cross examination he testified:

"Q. When you flank him you walk up to him and catch hold of him, don't you? A. Yes, sir.

"Q. And he is right in front of you, isn't he? A. Yes, right up in front.

"Q. And you are close enough to catch both hands on him? A. Yes.

"Q. And you are bound to see him; you couldn't help from seeing him, could you? A. You see the calf to flank, sure."

Appellant's theory of recovery is that Roy Joiner, the foreman, was a vice-principal and the alter ego of appellee and not a fellow servant, and that Roy Joiner was negligent in letting the calf which fell on appellant into the pen because it was too large to be "flanked."

There is evidence that this calf weighed from 160 to 180 pounds and that it is dangerous to "flank" calves of such size.

Appellee's defense is that appellant assumed the risk of the injury which he received in "flanking" the calf and that if there was any negligence on the part of Roy Joiner, this was the negligence of a fellow servant for which appellee is not liable.

In our opinion both grounds of defense are sustained by the law and the evidence.

The jury found that appellee reserved to himself authority to hire and discharge all laborers employed on the ranch. This finding is supported by the evidence. Appellee testified that the foreman was in complete charge of the ranch when he was away, except " * * * that he didn't hire nor fire these men without my approval * * *."

The law was settled in Lantry-Sharpe Contracting Co. v. McCracken, 105 Tex. 407, 150 S.W. 1156, 1158, that " * * * in order to constitute an employe a vice principal of the master, he must be clothed with the power to hire and discharge, in addition to his authority to direct and command his coemployes in the work being performed."

No nondelegable duty of the master being involved it follows that appellee is not liable for any negligence of the foreman in letting the large calf into the pen which appellant later attempted to "flank."

We are also of the opinion that the injury received by appellant in the manner shown was a risk incident to the work which he was employed to do and that such risk was open and obvious to him and was, therefore, assumed by appellant.

The jury found that the danger, if any, attendant upon "flanking" the calf was not open and obvious to appellant. The only basis for this finding is the testimony of appellant, the substance of which is set out above. We do not believe that his testimony supports such finding. Viewing his testimony as a whole it is apparent that appellant did not intend to leave the impression that he didn't see the calf which was before his very eyes. In the nature of things it was necessary for him to see the calf before he could catch it by the ear and flank and throw it to the ground. At any rate the calf was there for him to see.

Appellant either underestimated the size of the calf or overestimated his own ability and strength, or an unavoidable accident occurred. Neither appellee nor his foreman had anything to do with or was liable for any of these alternatives. It is true that the foreman let a calf too large to flank into the pen, but this calf didn't bother appellant until he made the unfortunate attempt to "flank" it.

Appellant is of full age, intelligent and has had long experience as a ranch employee. Marking, vaccinating and dehorning young calves is routine ranch work and "flanking" is one of the ordinary methods used in throwing the animal to the ground. Appellant was familiar with all of this.

Appellant was the best judge of his own strength and of his ability to "flank" the calf which stood before him. The

error in judgment, if any, was of his own making and one for which his master is not liable.

No new questions or principles of law are presented and we cite, without discussion, the following authorities which support our decision: 29 Tex.Jur., pp. 52 and 60; Robertson v. Texas & N. O. R. Co., Tex.Civ.App., Dallas, 133 S.W.2d 819, Writ Dis.Cor.J.; Fuller v. Texas Park Lot, Tex.Civ.App., Ft. Worth, 133 S.W.2d 605; Gilbert v. Mayer, Tex.Civ. App. Austin, 99 S.W.2d 1021; Gulf C. & S. F. R. Co. v. Spivey, Tex.Civ.App., Austin, 56 S.W.2d 655; Sloan v. Leger Mill Co., Tex.Civ.App., Amarillo, 161 S.W.2d 333, Writ Ref. W.O.M.; International & G. N. Ry. Co. v. Figures, 40 Tex.Civ.App. 255, 89 S.W. 780.

The judgment of the trial court is affirmed.