**Robert E. NESMITH et al., Appellants,**

v.

**B. B. HESTER et al., Appellees.**

No. 12260.

Court of Civil Appeals of Texas, Austin.

April 23, 1975.

Joe H. Reynolds and Michael B. Lee, Reynolds, White, Allen & Cook, Houston, for appellants.

Waggoner Carr, Robert L. Crider, Austin, John L. Hill, Atty. Gen., Texas, John C. Madison, III, Asst. Atty. Gen., Austin, Texas, for appellees.

SHANNON, Justice.

This is an appeal from the judgment of the district court of Travis County overruling appellants' plea of privilege and pertains to Vernon's Tex.Rev.Civ.Stat.Ann. Art. 1995, § (4), (7), and (29a). We will affirm that judgment.

Appellees, B. B. Hester, Jack W. Flynt, and W. H. McGregor, as directors and on behalf of The American Legion 1971 National Convention Corporation of Texas, filed suit against appellants, Robert E. Nesmith, Walter C. Lee, Lewis W. Emerich, O. Sidney Hopkins, and William S. Barber, in the district court of Travis County. Mark W. White, the Secretary of State of the State of Texas, was also named a defendant.

In general, the appellees alleged that The American Legion 1971 National Convention Corporation of Texas, was improperly and illegally dissolved by the appellants

acting as the Executive Committee of the Board of Directors. The appellees alleged further that such dissolution exceeded the authority of the Executive Committee. Appellees pleaded that appellants distributed the assets of the corporation among themselves. The appellees averred further that the Articles of Dissolution filed with the Secretary of State were false or fraudulent. The appellees pleaded that the Secretary of State knew of appellants' efforts to dissolve the corporation "illegally" and with that knowledge, he "wrongfully" issued the Certificate of Dissolution.

By way of relief appellees prayed that the court order the Secretary of State to declare the Articles of Dissolution null and void, that the corporation be declared a "legal entity since its inception to the present," and that the appellants be divested of the assets of the corporation previously distributed.

The judgment overruling the plea of privilege does not recite the ground or grounds upon which it is based. The appellants did not file a request for findings of fact and conclusions of law.

Appellants have attacked the judgment by three points: (1) venue is not proper in Travis County under Tex.Rev.Civ.Stat. Ann. Art. 1995, § (7); (2) the alleged fraud, if any, is only incidental to the main cause of action; and (3) where there is a doubt as to whether an exception to the venue statute should be applied, the doubt should be resolved in favor of the defendant.

 We will affirm the judgment for the following reason. As previously noticed, appellees in their amended controverting affidavit, averred that venue could be maintained in Travis County under Tex.Rev.Civ.Stat.Ann. Art. 1995, § (4), (7), and (29a). The trial court in the judgment overruling the plea of privilege did not state the ground or grounds on which it was based. On appeal appellants assigned as error only one of the grounds which could have been the basis for judgment overruling their plea of privilege. Wherein a judgment may rest upon more than one ground the party aggrieved by the judgment must assign error as to each such ground or risk having the judgment affirmed on the ground to which no error was assigned. In such situations it is said that the appellant has waived his right to complain of the ruling to which no error is assigned. Independence Ins. Co. v. Republic National Life Ins. Co., 447 S.W.2d 462 (Tex.Civ.App.1969, writ ref'd n. r. e.); Hudson v. Buddie's Super Markets, Inc., 488 S.W.2d 143 (Tex.Civ.App.1972, no writ); LeJeune v. Gulf States Utilities Company, 410 S.W.2d 44 (Tex.Civ.App. 1966, writ ref'd n. r. e.); Olivier v. Life and Casualty Insurance Co. of Tenn., 440 S.W.2d 398 (Tex.Civ.App.1969, writ ref'd n. r. e.). See City of Deer Park v. State, 275 S.W.2d 77 (Tex.1954), Midway National Bank of Grand Prairie, Texas v. West Texas Wholesale Supply Company, 453 S.W.2d 460 (Tex.1970).

The judgment is affirmed.

Affirmed.