C. V. JONES et al., Appellants,

v.

The AUSTIN COMPANY, Trustee, et al., Appellees.

No. 12322.

Court of Civil Appeals of Texas, Austin.

Dec. 3, 1975.

Rehearing Denied Dec. 3, 1975.

Second Rehearing Denied Jan. 14, 1976.

Harry M. Whittington, Walter C. Beardsley, Stubbeman, McRae, Sealy, Laughlin & Browder, Austin, for appellants.

John H. Akin, Pearce, Smith & Akin, Austin, for The Austin Co.

H. Kirk Hays, Watkins, Ledbetter, Hayden & Ramsey, Austin, for C. L. Logue, Sr.

## ON MOTION FOR REHEARING

SHANNON, Justice.

The opinion of this Court filed on October 22, 1975, is withdrawn, and the following opinion replaces it.

This is an appeal from an order of temporary injunction entered by the district court of Travis County upon application by appellee, The Austin Company, Trustee, restraining the appellants from selling a parcel of land at a deed of trust sale.

Appellants are C. V. Jones and wife Margaret D. Jones, the payees of the note, and Harry M. Whittington, the trustee in the deed of trust. The Joneses will be termed "appellants" in this opinion. Appellees are C. L. Logue, Sr., the maker of the note, and The Austin Company, Trustee, a partnership which had assumed the note. Logue intervened in the lawsuit and sought injunctive relief. The parcel of land in controversy consists of about forty-two acres located in Travis County.

Appellants sold the land in question to Logue in July of 1973. As partial consideration for the parcel of land Logue executed a vendor's lien note in the sum of $71,000.00 dated July 27, 1973. After the initial payment of $4,970.00, the note was payable in monthly installments of $550.52 *beginning on July 27, 1974.* The note was made payable in Austin, Travis County, Texas. The note provided, among other things, as follows:

"It is expressly provided that upon default in the punctual payment of this note or any part thereof, principal or interest, and the same as shall become due and payable, or in the event of the breach of any covenant or condition of any lien instrument securing this note, the entire indebtedness secured by the hereinafter mentioned lien shall be matured, at the option of the holder; and in the event default is made in the prompt payment of this note when due or declared due, and the same is placed in the hands of an attorney for collection, or suit is brought on same, or the same is collected through Probate, Bankruptcy or other judicial proceedings, then the makers agree and promise to pay ten per cent (10%) additional on the amount of principal and interest then owing, as attorney's fees.

"Each maker, surety and endorser of this note expressly waives all notices, demands for payment, presentations for payment, notices of intention to accelerate the maturity, protest and notice of protest, as to this note and as to each, every and all installments hereof."

Sometime after July, 1973, the appellants moved to Arizona.

On or about August 20, 1974, The Austin Company purchased the land from Logue. As purchase price The Austin Company paid a sum of cash, executed a second lien note to Louge, and assumed Logue's note to appellants.

At the time of their purchase of the land from Logue, and for some time afterward,

the partners of The Austin Company held the mistaken belief that each installment payment of the note was due on the seventh day of each month, instead of the twenty-seventh day.

Appellants, not having received a note payment by July 27, 1974, consulted an Arizona attorney who on August 15, wrote the following letter to Logue:

"Dear Mr. Logue:

"Mr. & Mrs. C. V. Jones, of Douglas, Arizona, have called to my attention your promissory note dated July 27, 1973, together with Deed of Trust securing the same.

"They pointed out that a payment due under the terms of that note, in the amount of $550.52 has been delinquent since July 27, 1974.

"I have advised them that under the terms of the instrument, they could institute foreclosure proceedings in Texas and seek the full amount of the note, in the total of $71,000.00 together with appropriate interest and 10% of the amount found due additional, as and for attorney's fees.

"They respectfully request that you make the subject payment and that you make each monthly payment due thereafter in order to forestall any such proceedings.

"We will appreciate your prompt response."

Though the record is not entirely clear, it appears that it was not until September 13, that Logue called Peter Von Wupperfeld, a partner of The Austin Company, by telephone and told him of the receipt of the letter from the Arizona attorney.

On August 23, 1974, The Austin Company mailed its draft for $550.52 to appellants. That draft bore the notation, "for Aug." The draft was accompanied by a letter to appellants from Von Wupperfeld. In that letter Von Wupperfeld stated that the parcel of land had just been purchased and its recent purchase was the explanation for the first installment payment being "slightly late." Von Wupperfeld stated further in that letter that appellants could expect the future installment payments to be made "around the seventh or eighth of each month."

The response of appellants to Von Wupperfeld's letter was twofold: one, appellants received and negotiated the draft and, two, they instructed their Arizona attorney to write the following letter to The Austin Company:

"Dear Sir:

"Your letter of August 23, 1974, addressed to Mr. and Mrs. C. V. Jones of Douglas, Arizona, has been handed to me for reply.

"I would like respectfully to suggest that you examine the provisions of that certain promissory note dated July 27, 1973, in the principal amount of $71,-000.00 executed in Austin, Texas by C. L. Logue, Sr.

"That instrument provides that payments in the amount of $550.52 should be made each month, beginning July 27, 1974, and a like amount on the 27th day of each and every month thereafter.

"Your letter of August 23rd indicates you intend making payments on the 7th or 8th of the month. This is not an acceptable procedure. One payment was due on July 27th and was not made at that time. Another payment was due on August 27, 1974. Mr. and Mrs. Jones have not received that payment either.

"Finally, please allow me to call your attention to the fact that the subject note contains a provision which indicates that unpaid principal and the interest which have gone delinquent shall bear interest at the rate of 10% per annum. This means that the payment due on July 27, in the amount of $550.52 and which was not paid on that date, has been accruing interest at the rate of 10% per annum from that date until August 26, 1974, the date on which payment was received.

"We will appreciate your response to these matters at your early convenience."

The Austin Company received the letter from the Arizona attorney on September 3. Von Wupperfeld thereafterward examined the note, learned that the payment date was on the twenty-seventh of each month, and wrote a draft dated September 8 payable to appellants for the second installment. That letter which contained the draft was mailed either on September 8 or 10.

The appellants called Mr. Whittington by telephone on September 10, to employ him to take the necessary steps to collect the note since, in their view, the note was in default.

In the order temporarily enjoining the exercise of the power of sale in the deed of trust, the court found that the exercise of the power of sale would be improper ". . . because the note it secures has not been effectively or properly matured . . ." The order was grounded further upon the findings of the court that the appellees would lose their significant equity in the land as well as their present financing to complete the payment therefor, and that the exercise of the power of sale by the appellants would be an unconscionable act from which appellees would suffer immediate and irreparable injury.

Appellants attack the order of the district court by a single point of error claiming that the court erred in holding, as the legal basis for its injunctive order, that appellants had not accelerated payment of the note. The appellees seek to support that order by six counterpoints, based on both legal and equitable reasons.

 We will affirm the judgment for the following reason. As previously written, the judgment recited several grounds upon which it was based. On appeal appellants assigned as error only one of those grounds. If the judgment may rest upon more than one ground, the party aggrieved by the judgment must assign error as to each such ground or risk having the judg-

ment affirmed on the ground to which no error was assigned. In such situations it is said that the appellant has waived his right to complain of the ruling to which no error was assigned. *Dorbandt v. Jones,* 492 S.W.2d 601 (Tex.Civ.App.1973, writ ref'd n. r. e.); *LeJeune v. Gulf States Utilities Company,* 410 S.W.2d 44 (Tex.Civ.App.1966, writ ref'd n. r. e.). See *City of Deer Park v. State,* 275 S.W.2d 77, 84 (Tex.1954); *McKelvy v. Barber,* 381 S.W.2d 59, 62 (Tex.1964); *Nesmith v. Hester,* 522 S.W.2d 605 (Tex.Civ. App.1975, no writ); *Woodrum v. Long,* 527 S.W.2d 281 (Tex.Civ.App.1975, no writ).

The judgment is affirmed.

Affirmed.