736 S.W.2d 803 (1987)
FUNK FARMS, INC., Appellant,
v.
Gustavo MONTOYA, Appellee.
No. 13-86-415-CV.
Court of Appeals of Texas, Corpus Christi.
June 30, 1987.
Rehearing Denied August 28, 1987.
*805 William L. Hubbard, Harlingen, for appellant.
David C. Garza, Brownsville, for appellee.
Before NYE, C.J. and KENNEDY and SEERDEN, JJ.

OPINION
NYE, Chief Justice.
This is a personal injury case. Appellee Gustavo Montoya suffered a non-specific lower-back injury while attempting to lift a piece of heavy equipment. At the time of his injury, Montoya was an employee of appellant Funk, but was not covered by worker's compensation due to the nature of his employment. Trial was to a jury which found appellant Funk liable for appellee Montoya's injuries. A judgment in the amount of $355,000.00 was entered for Montoya.
Montoya was employed by appellant Funk Farms, Incorporated, as a tractor driver on one of Funk's farms in the Rio Grande Valley. At the time of his injury in 1983, Montoya was approximately forty years old, and an undocumented worker with a third-grade education. He was incapable of reading or writing English. He had been employed since the age of sixteen as a tractor driver, and this was the only work he knew and was capable of performing. Shortly after appellee Montoya began working for appellant Funk, he was injured. Montoya and other employees of Funk were plowing fields on La Javelina Farm owned by Funk, in Starr County. The individual in charge of the operation was Juan Yanez, who had been a Funk employee for twenty-three years, and the foreman for eighteen years. Yanez had taken a disc from the tractor to Funk's main headquarters for repair. He returned later to replace the repaired part on the tractor. The weight of the piece of equipment which was being repaired was approximately eleven thousand pounds. In order to attach the disc, the tractor had to be partially lifted from the ground and certain parts inserted into it. Foreman Yanez instructed Montoya to take a metal pry bar and to lift the equipment so that the parts could be put in place. It was during the process of this lifting that Montoya slipped and injured his back.
The issue is whether Juan Yanez, the foreman, is a fellow servant of Montoya, for whose negligence Funk is not liable, or whether Juan Yanez is a vice-principal for whose actions defendant Funk is responsible. The question submitted to the jury was "whose negligence, if any, was a proximate cause of the occurrence in question?" The jury was instructed to check either "Yes" or "No" as to both Funk and Montoya. The jury answered "Yes" to Funk and "No" to Montoya. This would make Funk Farm responsible if the evidence supports the jury's answers.
Appellant's points of error one through four raise the issue of whether there was legally or factually sufficient evidence to support the jury's finding that Juan Yanez was not a fellow servant of appellee Montoya. In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well-established test set forth in Pool v. Ford Motor Co., 715 S.W.2d 629 (Tex.1986); Dyson v. Olin Corp., 692 S.W.2d 456 (Tex.1985); Glover v. Texas General Indemnity Co., 619 S.W.2d 400 (Tex.1981); Garza v. Alviar, 395 S.W.2d *806 821 (Tex.1965); Allied Finance Co. v. Garza, 626 S.W.2d 120 (Tex.App.Corpus Christi 1981, writ ref'd n.r.e.); and Calvert, No Evidence and Insufficient Evidence Points of Error, 38 Texas L.Rev. 361 (1960).
The jury's instructions accompanying the first special issue stated:
A "fellow servant" is a worker who serves the same master, works under the same control, derives his authority and compensation from the same source, and engages in the same general business. One who has authority to direct and supervise his co-employees in the work being performed is, nevertheless, a fellow servant unless he also possesses the authority to employ and discharge employees under his control.
The jury obviously found that Yanez was not a fellow employee of appellee Montoya when it found in special issue No. 1 that appellant Funk's negligence was the proximate cause of appellee Montoya's injuries.
The general rule is that a master is not liable in a common-law action to one servant whose injury was proximately caused by the actions of a fellow servant engaged in the same enterprise. Sandefur v. Sandefur, 232 S.W.2d 111, 114 (Tex.Civ. App.Amarillo 1950, writ ref'd). Fellow servants are those workers who serve the same master, work under the same control, derive their authority and compensation from the same common source, and engage in the same general business. H. & T.C. Railway Co. v. Rider, 62 Tex. 267, 269 (1884). In order to bind a master for a negligent act, the employee must attain the status of vice-principal. In order to constitute a vice-principal he must be clothed with the power to hire and discharge in addition to his authority to direct and command his co-employees in the work being performed. Lantry-Sharpe Contracting Co. v. McCracken, 105 Tex. 407, 150 S.W. 1156, 1158 (1912); see LeJeune v. Gulf States Utility Co., 410 S.W.2d 44, 50 (Tex. Civ.App.Beaumont 1966, writ ref'd n.r. e.); Sartain v. Southern National Life Insurance Co., 364 S.W.2d 245, 252 (Tex. Civ.App.Austin 1962, writ ref'd n.r.e.); McCorstin v. Mayfield, 274 S.W.2d 874, 876-77 (Tex.Civ.App.Fort Worth 1955, writ dism'd); Waring v. Harris, 221 S.W.2d 345, 346 (Tex.Civ.App.Austin 1949, writ ref'd).
The record contains no direct evidence as to Mr. Yanez's authority to hire and fire. We have carefully reviewed the entire record and note that, although Mr. Yanez was the first witness and was extensively examined and cross-examined by both parties, neither side saw fit to ask whether he had the authority to hire and fire employees. While no direct evidence exists as to Mr. Yanez' authority to hire and fire employees, such authority can be inferred from all of the evidence.
The question of whether a servant is a vice-principal is a mixed question of law and fact and is thus for the jury to determine. Hugo Schmeltzer Co. v. Paiz, 104 Tex. 563, 141 S.W. 518, 521 (1911). It can be inferred from Mr. Yanez's testimony that, because of his length of service with Funk Farms and his otherwise total control over the employees on the job, he also was clothed with the authority to hire and fire those who worked under him. To hold otherwise, under these circumstances, would be to totally subvert the vice-principal rule by allowing principals to simply testify that only they have the authority to hire and fire individuals under their employment. Appellant's points of error one through four are overruled.
Appellant's fifth point of error complains of the trial court's action in granting appellee Montoya leave to file a trial amendment to conform his pleading to the damages found by the jury. Appellee Montoya's trial pleadings asked for damages in the total amount of $69,000.00 in the areas of lost earnings and loss of physical capacity in the past and in the future. The jury awarded $155,000.00 in damages.
Tex.R.Civ.P. 66 and 67 permit trial courts to allow amendments to pleadings freely, to preserve the merits of the action where the objecting party failed to show any prejudice. As this Court stated in Hartford Accident & Indemnity Co. v. Thurman, 527 S.W.2d 180, 191 (Tex.Civ. *807 App.Corpus Christi 1975, writ ref'd n.r.e.), the trial court has broad discretion in permitting trial amendments. The opposing party must demonstrate some prejudice before a reviewing court will hold that a trial court abused its discretion. See Schrader v. Artco Bell Corp., 579 S.W.2d 534, 540 (Tex.Civ.App.Tyler 1979, writ ref'd n.r.e.); Fry v. Guillotte, 577 S.W.2d 346, 347-48 (Tex.Civ.App.Houston [14th Dist.] 1979, writ ref'd n.r.e.). Our review of the record indicates that, at the time that appellee Montoya's experts were testifying to his damages, appellant Funk raised no objection to the testimony as being outside the pleadings. We hold that the trial court did not abuse its discretion in allowing appellee Montoya's post-trial amendment. Appellant Funk's fifth point of error is overruled.
Appellant Funk's points of error six through nine attack the factual and legal sufficiency of the evidence to support the jury's findings of lost future earning capacity and the trial court's failure to grant a remittitur as to the amounts awarded by the jury for loss of future earning capacity. The jury award for loss of future earning capacity was $125,000.00. We follow the same familiar rule concerning "no evidence" and "insufficient evidence" in deciding these points of error.
At the time of trial, appellee Montoya was a forty-one-year-old man with a very limited education, obviously suited only for manual labor. The testimony of both Montoya and Dr. Jose Kuri made it clear that Montoya had suffered a painful back injury which would prevent him from performing manual labor in the future. Additionally, the evidence showed that Montoya would not be able to spend long hours sitting and driving a tractor in the future. The evidence established that Montoya made a weekly wage of between $225.00 and $230.00. It was stipulated that Montoya's life expectancy was 30.4 years. Based on this testimony, the jury's award of $125,000.00 for loss of future earning capacity was amply supported by the evidence.
The standard for appellate review of the trial court's failure to grant a remittitur is whether or not there was sufficient evidence to support the amount of the award. Larson v. Cactus Utility Co., 730 S.W.2d 640, 640-41 (1987); see Pope v. Moore, 711 S.W.2d 622, 623 (Tex.1986). Since we have found sufficient evidence to support the amount of the award found by the jury, there would be no error in the trial court's failure to grant a remittitur of that amount. Appellant's points of error six through nine are overruled.
Appellant's points of error ten through thirteen complain of the legal and factual sufficiency of the evidence to support the amount of damages awarded for loss of future physical capacity by appellee Montoya and the trial court's failure to grant a remittitur of that amount. The jury awarded Montoya $115,000.00 for loss of physical capacity. Again, both Montoya and Dr. Kuri testified that Montoya had suffered a painful physical injury of possible permanent duration and, in all likelihood, would continue to suffer from pain and physical disability for the remainder of his life. This evidence is sufficient to support the jury's award of damages for loss of physical capacity. As such, the trial court did not err in failing to grant a remittitur of this amount. Appellant's points of error ten through thirteen are overruled.
The judgment of the trial court is AFFIRMED.