## METROPOLITAN LIFE INS. CO. v. WILSON.

### No. 3046.

Court of Civil Appeals of Texas. Beaumont.

Feb. 23, 1937.

Vinson, Elkins, Weems & Francis, Raybourne Thompson, and Simon Frank, all of Houston, for appellant.

Sanders & McLeroy, of Center, for appellee.

COMBS, Justice.

The appellee, Buford Wilson, will be referred to as plaintiff and the appellant as the insurance company.

Plaintiff brought this suit to recover disability insurance for thirteen weeks of disability at the rate of $20 per week. The insurance company issued its group policy No. 5266–GH to the Lion Oil Refining Company, insuring the employees of said company against disability resulting from sickness or injury, subject to certain limitations. As an employee of the Lion Oil Refining Company, plaintiff was insured under said group policy, and a certificate of insurance was duly issued to him. Prior to September 15, 1929, the plaintiff was working as a tool pusher for the Lion Oil Refining Company on a drilling rig near Jackson, Miss. When drilling ceased and the rig was removed to Smackover, Ark., he was given a three days' vacation. While on the vacation the superintendent of the Lion Oil Refining Company called him by phone and directed ·him to go to Jackson, Miss., and go to work on a well, being drilled by the Home Oil Producing Company, which company, it seems, was a subsidiary of the Lion Oil Refining Company. There seems to be some dispute in the evidence as to which of said companies he was employed by at the time of his injury, but we think the point is immaterial.

On the 31st of October, 1929, while working on the drilling rig under the employment above mentioned, he sustained a broken leg and suffered thirteen weeks of total disability. He made due claim for workmen's compensation insurance and received payments. He also gave notice and claim to the insurance company under the group policy above mentioned and payment was refused on the ground that the disability did not arise from causes insured against under the policy, and this suit followed.

The controlling question involved here is the validity of an exception occurring in the group policy and in the certificate of insurance issued to the plaintiff. The general insuring clause of the group policy was· as follows: "Upon receipt at its Home Office in New York City of due notice and proof that any such employees have become, while insured thereunder, wholly and continuously. disabled and prevented from performing any and every duty of his or her occupation by sickness contracted or injury sustained, subject to the limitations in Section Five on Page Two hereof, The Company hereby promises to pay to such incapacitated employee the weekly indemnity provided in the ·Formula. * * *"

Section 5 on page 2 of the policy reads as follows:

"5. Limitations:

"(a) This insurance does not cover injuries arising out of, or in the course of, any employment for wage or profit."

On the face of the certificate issued to Wilson is found the following: "Certain limitations· in said Group Health Policy which apply to the insurance evidenced by this certificate are described on the last page hereof."

On the last page of the certificate is found the following: "Limitations. 1. The insurance under the said Group Health Policy does not cover any period of disablement due to injuries arising out of, or in the course of, any employment for wage or profit."

The plaintiff did not plead that his claim was not within the excepting clause.

## Opinion.

It has been settled by our courts that, where an insurance policy excepts certain risks from its coverage, the burden is upon the claimant to plead and to prove that his cause of action did not fall within such exceptions. Travelers Ins. Co. v. Harris (Tex.Com.App.), 212 S.W. 933 (opinion adopted by Supreme Court). See, also, Amicable Life Ins. Co. v. O'Reilly (Tex.Civ.App.) 97 S.W.(2d) 246; and authorities cited. Here the plaintiff not only failed to plead that his cause of action did not fall within the exception, but on the contrary his pleading and proof show that his claim is for "a period of disablement due to injuries arising out of * * * employment for wage or profit" —a risk specifically excepted by the terms of the policy.

As we view the plaintiff's brief, it is conceded that the general rule is as above stated, but it is insisted that the excepting clause involved in this case is contradictory to the controlling provision of the general insuring clause and also that it creates an ambiguity, in that it is susceptible to the construction that such exception was intended to except from the risk covered by the general insuring clause such injuries only as might be sustained while in the employ of any other employer than the Lion Oil Refining Company, and so it is urged that the exception was void and it was not necessary for the plaintiff to negative it.

As we view it, the excepting clause does not contradict any provision of the policy, nor is it in any respect ambiguous or uncertain. The insuring clause of the master policy provides specifically that the coverage is "subject to the limitations in Section 5 on page 2 hereof," and the excepting clause thus specifically referred to excepts in plain language injuries arising out of "any employment for wage or profit." We discover no language in the policy anywhere which raises an inference that "any employment for wage or profit,"

as used in the exception, is not intended to include employment by the Lion Oil Refining Company, or that said words are to be construed as having any meaning other than their plain import. The exception was carried forward in the certificate issued to the plaintiff in as plain terms as they were carried in the master policy.

It is true that the coverage of the policy is limited to employees of the Lion Oil Refining Company during their employment, and that the exception does except out of the coverage disabilities resulting from injuries arising in the course of the employment. But this does not have the effect of granting the plaintiff, as an employee of the Lion Oil Refining Company, insurance by one clause and then excepting it out by another. It is obvious that one may be an employee of another continuously over a long period of time and yet be engaged in his employment, that is, working at his job, only a comparatively small part of the time. Many injuries and disabilities occur to employees which do not arise out of the employment. Apparently the insurance policy here involved was intended to supplement the workmen's compensation insurance by providing coverage for incapacities resulting from causes other than the employment and which, therefore, would not be covered by workmen's compensation insurance. This is indicated by the fact that it covers disabilities resulting from illness, thus providing compensation for what is clearly a nonoccupational disability.

So it seems to us, as we have above stated, that the policy provisions are plain and unambiguous. The policy provisions in question being plain, there is no room for the application of rules of construction. Such rules, for instance, as the rule that policy provisions are to be construed most favorably to the insured and against the insurer, are applied only where there is doubt or uncertainty. They can never be used to change the meaning of that which the parties have plainly stated so as to make a different contract than the parties themselves made. Except where prohibited by law, parties to an insurance contract have the same freedom of contract as parties entering into any other form of agreement. They may contract as to the extent and the limitations of the coverage with the same freedom that they may contract for the payment of the premiums or any other provisions

of the policy. Here the parties contracted for insurance coverage for disabilities resulting from nonoccupational causes. This they had the right to do, and the courts cannot add additional liabilities by reading into the contract provisions which the parties did not put there.

 It follows from what we have said that the excepting clause in the policy sued upon was valid and that the claim here sued upon falls clearly within such exception. The judgment of the trial court is reversed, and judgment here rendered for the appellant.

Reversed and rendered.