**Olues V. OLIVIER, Appellant,**

**v.**

**LIFE AND CASUALTY INSURANCE COMPANY OF TENNESSEE, Appellee.**

**No. 7023.**

Court of Civil Appeals of Texas.

Beaumont.

April 3, 1969.

Motion for Rehearing Overruled May 8, 1969.

———◆———

Ernest L. Sample, Beaumont, for appellant.

Orgain, Bell & Tucker, Beaumont, for appellee.

PARKER, Chief Justice.

The plaintiff, Olues V. Olivier, sued Life and Casualty Insurance Company of Ten-

nessee and Texas Lathing Plastering Contractors Association, jointly and severally, for medical and surgical expenses resulting from an injury alleged to have occurred on November 18, 1964, asserting that, under the terms of a group insurance policy issued by said insurance company, such plaintiff was entitled to recover such expenses from such defendants. Trial was to a jury. Each defendant moved for instructed verdict, with each motion being granted by the trial court. Judgment was entered that plaintiff take nothing as against each defendant. Plaintiff has appealed. Judgment of the trial court is affirmed.

The appellant, Olivier, has no point of error complaining of the instructed verdict and judgment that Olivier take nothing against Texas Lathing Plastering Contractors Association. Olivier's sole Point of Error is:

"POINT 1

"THE ERROR OF THE COURT IN INSTRUCTING A VERDICT FAVORABLE TO THE LIFE AND CASUALTY INSURANCE COMPANY OF TENNESSEE, BECAUSE THERE WAS EVIDENCE THAT THE MEDICAL EXPENSES AND SURGICAL BENEFITS INVOLVED IN THIS SUIT WERE MADE NECESSARY BY A SICKNESS OR INJURY WHICH DID NOT ARISE OUT OF OR IN THE COURSE OF ANY EMPLOYMENT FOR COMPENSATION OR PROFIT, AND FOR WHICH THE PLAINTIFF WAS NOT ENTITLED TO BENEFITS UNDER ANY WORKMEN'S COMPENSATION LAW OR OCCUPATIONAL DISEASE LAW."

The insurance policy was not in the possession of the plaintiff. The undisputed evidence is that the insurance policy was delivered by the insurance company to Texas Lathing Plastering Contractors Association. The policy is not in evidence. A copy of a brochure issued by the insurance company was mailed to and in the possession of appellant, Olivier, stating he would receive a certificate explaining the details of his coverage.

The brochure contains:

"GENERAL EXCLUSIONS: Except for the Group Life Insurance, no coverage is extended for accidental injury arising out of employment for compensation or profit or disease entitling the insured to benefits under Workmen's Compensation, or any similar law."

The certificate was issued to Olivier, being No. GLM–1515–259, dated July 1, 1964, certifying he was covered by the original insurance policy.

In the certificate, the following appears:

"DEFINITIONS

"For all purposes of this policy:

"1. The term 'employee' means a person directly employed on a full time basis in the regular business of, and compensated for services by, the Employer. If the employer is a proprietorship or partnership, the individual proprietor or each of the partners whose principal occupation is the conduct of the Employer's business shall be deemed an employee and while engaged in the regular business of the Employer shall be deemed in the employment of the Employer. No director of a corporate employer shall be deemed an employee solely because of such directorship.

\*    \*    \*    \*    \*    \*

"3. The terms 'actively at work' and 'active work' mean the active expenditure of time and energy in the service of the Employer, except that an employee shall be deemed actively at work on each day of a regular paid vacation, or on a regular non-working day, on which he is not disabled provided he was actively at work on the last preceding regular working day."

The insurance company agreed to pay hospital and ambulance, surgical, and in-hospital medical expenses, limited as to amounts, subject to being incurred by Olivier, "as a result of (a) any accidental bodily injury (i) which does not arise out of or in the course of any employment for compensation or profit and (ii) for which he is not entitled to benefits under any Workmen's Compensation law * * * the Insurance Company agrees to pay, subject to the terms and conditions hereof, * *" the expenses above as to matters above detailed.

In the insurance company's Second Amended Original Answer, there was a general denial and as defenses it alleged:

"11.

"For further defense, defendant would show the court that plaintiff cannot recover because his policy provides that no payment will be made for injury arising out of or in the course of any employment for compensation or profit.

"12.

"For further defense, defendant would show this court that plaintiff has failed to furnish proper proof of loss and the defendant is thus in no way obligated to plaintiff."

This suit arose out of the alleged accidental injury sustained by appellant from a fall on November 18th, 1964. He is a plastering contractor and had contracted in writing with M. L. Osborne to do the plastering work on the Merchant's National Bank for a fixed price.

■ Olivier testified that he usually had several jobs going at one time at different locations. He had a foreman in charge of the work at the bank. His employees were paid each week whether or not they worked. Should they not work for a few hours, he lost money. Olivier himself worked five days a week from 8:00 a. m. to 4:30 p. m., with a half hour off for lunch; that his injury occurred during his regular working hours at the bank job; he had gone there because he had heard that there had been a work stoppage, and he needed to see about it. When he arrived at this job site, he learned that the iron workers had left some bolts out of the steel work, preventing his employees from working. The bolts had been inserted and his men were working. He remembered climbing up on a scaffold and that is the last thing he remembered. He admitted the climbing up on the scaffold was in the scope of his employment and occupation. Otherwise, all else in his testimony was hearsay. Appellee promptly moved the court to strike all testimony of Olivier as to what happened after he climbed the scaffold which the court took under advisement. Such hearsay is incompetent and cannot form the basis of a finding of fact. Texas Co. v. Lee, 138 Tex. 167, 157 S.W.2d 628 (1941).

■ In his pleadings and in this court, appellant contends the insurance policy is ambiguous due to the fact that Olivier was an employer and not actually an employee on his own job. The provisions in the certificate are not ambiguous. They are similar to the provisions in such a policy this court held to be certain in Metropolitan Life Ins. Co. v. Wilson, 102 S.W.2d 454 (Beaumont Tex.Civ.App., 1937, no writ). Olivier was an employer whose principal occupation was his plastering contract business. On the occasion of his injury, he was actively at work in his own employment for compensation. Under the policy, he was not covered. Appellant's Point of Error is overruled.

■ What has been said before disposes of the sole point of error brought forward by the appellant. However, in the motion for peremptory instruction filed below, there were other and additional grounds set forth. The trial court granted the motion without specification of the ground, or grounds, upon which the action was taken. The failure to assign error as

to all of the grounds upon which the court's action might have been based amounts to a waiver thereof. We recently had occasion to write upon the subject in LeJeune v. Gulf States Utilities Company, 410 S.W. 2d 44, 49 (Beaumont Tex.Civ.App., 1966, error ref. n. r. e.), and it is unnecessary to restate our views on the subject. For this additional reason, the trial court's judgment is sustained.

The judgment of the trial court being correct, it is in all things affirmed.