EMPLOYERS CASUALTY COMPANY, Appellant,

v.

Joe TILLEY et al., Appellees.

No. 7356.

Court of Civil Appeals of Texas, Beaumont.

Aug. 31, 1972.

Rehearing Denied Sept. 28, 1972.

Fuller, Fuller & McPherson, Port Arthur, for appellant.

Orgain, Bell & Tucker, Beaumont, for appellees.

DIES, Chief Justice.

Employers Casualty Company as plaintiff brought this petition for a declaratory judgment against Joe Tilley, d/b/a Joe's Rental Tools and/or Oil City Casing Crews, Joe's Rental Tools Company, and Oil City Casing Crews Company as defendants. The parties will be referred to herein as they were below.

Plaintiff alleged the following: That effective February 17, 1967, it had issued a general liability policy to defendants. That on or about November 25, 1967, one Douglas R. Starky received an injury on a job site in which defendants had equipment and personnel. That defendant Joe Tilley, president of corporate defendants, had knowledge through a foreman of such injury. That Starky filed suit against defendants herein in the District Court of Jefferson County on September 19, 1969. That the first notice plaintiff received of this accident was on September 26, 1969.

Plaintiff, in seeking a determination that because defendants had violated the policy, it (plaintiff) should be relieved of any responsibility to defend the defendants and a determination that plaintiff had no liability under the policy, plead the following policy provision:

"4. INSURED'S DUTIES IN THE EVENT OF OCCURRENCE, CLAIM OR SUIT: (a) In the event of an occurrence, written notice, containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured by the company or any of its authorized agents as soon as practicable."

Defendants replied they had no knowledge of any claim being made against them until the filing of the suit in Jefferson County and that because of certain actions by plaintiff and its attorney, plaintiff was estopped and had waived the right to refuse coverage. Both sides filed for summary judgment and the defendants prevailed, from which plaintiff perfects this appeal.

The defendants' motion for summary judgment alleged the following:

(a) Neither Joe Tilley nor any officer of the corporation was ever aware of the accident until suit was filed.

(b) Even had Tilley or authorized agents been aware of the accident, the circumstances were such that no reasonable person would have believed a claim would have been filed.

(c) Plaintiff, by assuming defense of the suit for a period of a year and a half, was estopped from and had waived the defense asserted.

(d) The non-waiver agreement taken from Tilley by plaintiff was of no effect because it (1) was too broad; (2) did not cover estoppel; and (3) constitued a waiver because plaintiff requested Tilley to furnish his employees for statements after plaintiff had taken the non-waiver agreement.

(e) During the period plaintiff was defending its lawsuit, through its agents and attorneys it was breaching its fiduciary

duty by the following: (1) A statement was taken from defendants' foreman to establish that Tilley had notice through the foreman of the accident. (2) Its attorney (and the one employed to defend defendants) took four other statements from employees to establish that Tilley had been informed of the accident. (3) This attorney briefed the legal question of late notice for plaintiff. (4) Two other persons were interviewed by this attorney at the request of plaintiff to establish notice. (5) This attorney over a period of a year and a half advised with plaintiff to develop this coverage defense. (6) "Other activity . . . contrary to the interests of Joe Tilley."

Defendants alleged that Tilley was never informed of this activity by his attorney or of a possible conflict of interest.

The Order on Summary Judgments denied the motion of plaintiff and decreed that:

". . . the motion . . . [of defendants] is granted, and judgment is therefore entered that the policy of insurance issued by Employers Casualty Company . . . was and is in full force and effect; that the Employers Casualty Company is obligated to defend Joe Tilley, et al., . . . ; that any judgment entered in the suit . . . must be paid by Employers Casualty Company up to the limits of its policy."

In its brief, plaintiff assigned three points of error upon which the appeal is predicated:

(a) Error of trial court in overruling its motion for summary judgment because the proof established as a matter of law that Tilley's supervisor had notice of the accident which was notice to "the corporate defendant," which constituted a breach of the policy.

(b) Conduct of an attorney employed by plaintiff to represent defendants in the original suit could not, as a matter of law, constitute a waiver or estoppel to assert its policy defense of late notice.

(c) The trial court erred in granting defendants' motion for summary judgment "for the reason that the summary judgment proof at most only raised a fact issue on the question of waiver or estoppel by appellant to assert its policy defense of late notice."

■ It can be readily seen that plaintiff has not assigned as error or discussed several of defendants' allegations for a summary judgment, any one of which might have been the basis of the court's decision. These are: (a) that the non-waiver agreement in question was too broad and not a valid non-waiver agreement and (b) that the agreement by its terms does not cover an estoppel but only a waiver.

In view of our decision on this aspect of the case, we find it unnecessary to discuss the conduct complained of by Employers Casualty Company and its attorney. We hold that plaintiff's failure to dispute each ground of defendants' motion for summary judgment requires an affirmance of the court order.

In Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119, 121 (Tex.1970), our Supreme Court, speaking through Justice McGee, said:

"The judgment must stand, since it may have been based on a ground not specifically challenged by the plaintiff and since there was no general assignment that the trial court erred in granting summary judgment." (citations omitted)

See also LeJeune v. Gulf States Utilities Company, 410 S.W.2d 44, 49 (Tex.Civ. App., Beaumont, 1966, error ref. n. r. e.). In Olivier v. Life and Casualty Insurance Co. of Tenn., 440 S.W.2d 398, 400 (Tex. Civ.App., Beaumont, 1969, error ref. n. r. e.), this court held as follows:

"However, in the motion for peremptory instruction filed below, there were other and additional grounds set forth. The trial court granted the motion without

specification of the ground, or grounds, upon which the action was taken. The failure to assign error as to all of the grounds upon which the court's action might have been based amounts to a waiver thereof." (440 S.W.2d at p. 400–401)

In citing the *Olivier Case,* the Dallas court in Independence Ins. Co. v. Republic Nat. Life Ins. Co., 447 S.W.2d 462, 470 (Tex.Civ.App., Dallas, 1969, error ref. n. r. e.), said:

"There is an additional reason in law to affirm the trial court's action in directing the verdict for Republic. The motion for instructed verdict filed by Republic contained fourteen grounds upon which the motion was based. The trial court, in its judgment, does not state the ground or grounds on which the motion is granted. On appeal Independence only assigns as error certain of the grounds advanced in support of the motion but does not attack all of the grounds. Under such circumstances it is held that the judgment of the court may be affirmed because it may rest on grounds not assigned as error by appellant, such grounds being waived."

In Guion v. Guion, 475 S.W.2d 865, 868–869 (Tex.Civ.App., Dallas, 1971, error ref. n. r. e.), the court had this to say:

"All of the appellees urge counterpoints to the effect that appellants have waived their right to appeal the summary judgment denying rescission because of their failure to assign and brief error as to all of the dispository findings of the trial court. They contend that each of the findings and conclusions of the trial court, set forth above, would be dispository and that each could be the basis of judgment as a matter of law. They contend that appellants have not challenged, by points of error, all of these findings but only challenge the finding of 'waiver'. They point to the rule of law that where summary judgment is based upon more than one ground, and

not all grounds are challenged by points of error, the judgment must stand on the unchallenged ground. Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119 (Tex. Sup.1970). In that case the Supreme Court observed that the trial court's summary judgment could have been based either upon the affirmative defense of release or limitation, or both. By making a challenge against only one of these defenses by assignments of error the Supreme Court held that the remaining point was waived and the summary judgment was allowed to stand. See also City of Deer Park v. State, ex rel. Shell Oil Co., 275 S.W.2d 77 (Tex. Sup.1954) and LeJeune v. Gulf States Utilities Co., 410 S.W.2d 44 (Tex.Civ. App., Beaumont 1966, writ ref'd n. r. e.). The Supreme Court in *Malooly*, by way of dictum, pointed out that in such a case on appeal the best approach would be to present a general point of error simply complaining that the trial court erred in granting a motion for summary judgment. It was said that such a point would be sufficient to comply with Rule 418, Vernon's Texas Rules of Civil Procedure, 'and to allow argument as to all the possible grounds upon which summary judgment should have been denied.' In the case before us we do have a general point of error, separated into and discussed in 'splintered' points. We think that the doctrine of *Malooly* is applicable here, even though a general point of error was asserted, for the simple reason that appellants have not argued or briefed one or more of the grounds asserted by the trial court in support of its judgment. For example, the court's findings concerning ratification, election, restitution, and lack of equitable standing are not briefed by appellants even though such arguments might be justified under the general point of error asserted."

See also Gonzalez v. Alianza Hispano-Americana, 112 S.W.2d 802 (Tex.Civ.App., San Antonio, 1937, error dism.). Also Morris v. Alworth, 32 S.W.2d 238, 239

(Tex.Civ.App., Eastland, 1930, no writ), where it says:

"In other words, the burden upon appellants to affirmatively show reversible error in the judgment is not met by a showing that one of several grounds upon which it may have been based was untenable, without showing that all grounds were untenable."

 There is one part of the trial court's order which must be reformed. He had no authority at this hearing to decide that Employers Casualty Company must pay any judgment awarded against defendants up to the limits of the policy. Therefore, the judgment is reformed to strike that portion which required Employers Casualty Company to pay any judgment awarded against defendants up to the limits of the policy.

The order of the trial court is affirmed as reformed.