**NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,
Appellant,**

v.

**NATIONAL CONVENIENCE STORES,
INC. and Cathie L. Carbajal,
Appellees.**

No. 04–94–00005–CV.

Court of Appeals of Texas,
San Antonio.

Dec. 30, 1994.

Michael W. Huddleston, Dana Harbin, Copper, Huddleston & Aldous, Dallas, for appellant.

J. Vince Hightower, Law Office of J. Vince Hightower, Damon Ball, Ball & Weed, P.C., San Antonio, for appellees.

Before BUTTS, CATHERINE STONE and PRESTON H. DIAL, Jr., JJ.

### OPINION

PRESTON H. DIAL, Jr., Justice (Assigned).[1]

This is an appeal from a declaratory judgment action concerning an insurer's duty to defend an insured.

Cathie Carbajal filed the underlying suit against her prior employer, National Convenience Stores (NCS) on multiple causes of action. NCS brought this suit for a declaratory judgment as to the duty of its insurer National Union Fire Insurance Company of Pittsburgh to defend the suit. After a bench trial, the trial court held the cause of action for negligence alleged in the underlying suit was covered by the terms of the pertinent policies but that the other causes of action alleged were not covered. National Union appeals the judgment holding that the negligence cause of action is covered by the policy.

National Union brings five points of error. We only address point of error one as necessary to final disposition of the appeal. TEX. R.APP.P. 90. Under point one National Union contends that the trial court erred in rendering judgment for NCS and entering Conclusion of Law No. 4 because it is legally erroneous. Conclusion of Law No. 4 stated: "There is coverage for the alleged cause of action entitled 'negligence' in the underlying suit."

 An insurance company's duty to defend the lawsuit is determined by the allegations in the plaintiff's petition considered in the light of the policy provisions without regard to the truth or falsity of the plaintiff's allegations. *Argonaut Southwest Ins. Co. v. Maupin,* 500 S.W.2d 633, 635 (Tex.1973). The parties stipulated that the allegations

---

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX GOV'T

CODE ANN. § 74.003(b) (Vernon 1988).

raised in Carbajal's fourth amended petition were the factual basis for determining coverage.

In her petition Carbajal alleged that she was employed by NCS and her direct supervisor was Michael Fischer. On more than one occasion Fischer took advantage of his supervisory role and used physical superiority to grab or embrace Carbajal during working hours on company premises against her will. During a Christmas office party on company property, she was struck in the back by Fischer with his closed fist and again with his forearm.

Carbajal further alleged that NCS promoted Fischer and his assistant Jimmy Hartnett to supervisory positions without adequately investigating their educational and emotional capacities to supervise subordinate employees. NSC failed to investigate Fischer's lack of supervisory background, capacity and qualifications. NCS failed to provide Fischer and Hartnett with any training, guidance, support or supervision to prepare them to adequately supervise employees. Fischer fired Carbajal when she complained of a job-related injury.

NCS owed Carbajal the duty to be supervised by a competent, thoroughly trained and emotionally stable supervisor, and NCS breached that duty. NCS was further negligent in not investigating the circumstances of Carbajal's termination.

The pertinent National Union liability policies contain the following provisions:

"I. COVERAGE A—Bodily Injury Liability

COVERAGE B—Property Damage Liability

The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

A. bodily injury or

B. property damage

to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and set-tlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgment or settlements.

Exclusions

This insurance does not apply: ... (j) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation of the insured to indemnify another because of damages arising out of such injury; but this exclusion does not apply to liability assumed by the insured under an incidental contract."

We assume without deciding that Carbajal alleged in her petition that she received bodily injury "caused by an occurrence," to which the insurance applied. We conclude that the insurance does not apply to the bodily injury alleged because it arose "out of and in the course of" Carbajal's employment by the insured NCS.

In order to have a covered cause of action, Carbajal had to allege negligence on the part of NCS that was causally connected to the damages she suffered. The negligence alleged was causally connected to Carbajal's damages only through Fischer's conduct. All of the acts alleged that arguably resulted in bodily injury occurred on the defendant company's premises and during office hours or during an office party. Based on Carbajal's own pleadings, any bodily injury she suffered arose out of and in the course of her employment by NCS. It follows that coverage for the conduct alleged is excluded by the terms of the policy. *Fidelity & Guar. Ins. Underwriters, Inc. v. McManus*, 633 S.W.2d 787, 789 (Tex.1982).

We use the same logic and reach the same result as those cases involving a cause of action for negligent entrustment, where coverage was excluded for the operation of an automobile or a recreational motor vehicle. *Id.* at 790; *Centennial Ins. Co. v. Hartford Accident and Indem. Co.*, 821 S.W.2d 192 (Tex.App.—Houston [14th Dist.] 1991, no writ).

We reverse the judgment of the trial court to the extent that it holds that the negligence

cause of action was covered by the policy. We render judgment that appellant has no duty to defend the negligence cause of action pled by Carbajal in her fourth amended petition. The judgment is in all other respects affirmed.