United States Court of Appeals,

Fifth Circuit.

No. 96-40662.

NAUTILUS INSURANCE COMPANY, Plaintiff-Appellee,

v.

Maria De Jesus ZAMORA, et al., Defendants,

Maria De Jesus Zamora, Defendant-Appellant.

June 13, 1997.

Appeal from the United States District Court for the Southern District of Texas.

Before DAVIS, STEWART and PARKER, Circuit Judges.

STEWART, Circuit Judge:

Maria de Jesus Zamora was shot while she worked as a cashier at Mariscos El Marinero Restaurant (Mariscos), a restaurant located in Laredo, Texas. She sued the restaurant in Texas state court, alleging that her injuries resulted from Mariscos's negligence. Nautilus filed this suit in federal court seeking a declaratory judgment that it had no duty to defend or indemnify Mariscos for the injuries suffered by Zamora. The district court granted Nautilus's motion for summary judgment, concluding that because Zamora's injuries would not have occurred but for her employment, her injuries arose out of and occurred in the course of her employment. As such, the district court held that the policy unambiguously excluded Zamora's injuries from coverage. We affirm, but for slightly different reasons than those articulated by the district court.

BACKGROUND

The facts of this case are undisputed. On March 19, 1993, Zamora was working as a cashier at Mariscos when a gang of three men walked in and began shooting. Two persons were killed. Zamora was shot in the chest, suffered fractured ribs, and experienced severe nervous shock. Zamora filed a negligence suit against Mariscos in state court. Mariscos thereafter sought coverage from Nautilus under its commercial general liability policy. Nautilus filed this declaratory judgment action in federal district court, seeking a determination that it had no duty to defend or indemnify Mariscos. The policy excluded, among other things, bodily injury to "[a]n employee of the insured *arising out of* and *in the course of employment* by the insured; ..." (Emphasis added.) Nautilus moved for summary judgment and argued that because Zamora was injured during her shift at Mariscos, Zamora's injuries "ar[ose] out of" and were suffered "in the course of [her] employment."

The district court agreed with Nautilus. First, the court concluded that Zamora suffered her injuries while she was in the course of her employment at Mariscos. Second, borrowing from Texas's workers' compensation case law, the district court held that the phrase "arose out of" meant that Nautilus was not obligated to defend or indemnify Mariscos if, but for her employment, Zamora would not have been injured. Because the evidence was undisputed that Zamora would not have been shot but for her employment with Mariscos, the district court granted summary judgment in favor of Nautilus. Zamora filed this timely appeal.

DISCUSSION

Because we sit in diversity, we must apply Texas law, mindful that in making an *Erie* guess, "[w]e are emphatically not permitted to do merely what we think best; we must do that which we think the [Texas] Supreme Court would deem best." *Jackson v. Johns-Manville Sales Corp.,* 781 F.2d 394, 397 (5th Cir.) (en banc), *cert. denied,* 478 U.S. 1022, 106 S.Ct. 3339, 92 L.Ed.2d 743 (1986). We review a grant of summary judgment de novo, applying the same criteria used by the district court in the first instance. *Norman v. Apache Corp.,* 19 F.3d 1017, 1021 (5th Cir.1994). The interpretation of an insurance contract and its exclusions is a question of law which we review de novo. *See National Union Fire Ins. Co. v. Kasler Corp.,* 906 F.2d 196, 198 (5th Cir.1990) (interpreting Texas law).

We begin with basic principles of Texas insurance law. Texas has adopted the "eight corners rule," which provides that Texas courts "look only to the pleadings and the insurance policy to determine whether the duty to defend exists." *Cullen/Frost Bank of Dallas, N.A. v. Commonwealth Lloyd's Ins. Co.,* 852 S.W.2d 252, 255 (Tex.App.-Dallas 1993, writ ref'd with per curiam opn.). "If a petition does not allege facts within the scope of coverage, an insurer is not legally required to defend a suit against its insured." *American Physicians Ins. Exch. v. Garcia,* 876 S.W.2d 842, 848 (Tex.1994). We must liberally construe the allegations of the pleadings, and any doubt about coverage is resolved in favor of the insured. *Cullen/Frost,* 852 S.W.2d at 255. "[I]f the insurance

3

contract is expressed in plain and unambiguous language, a court cannot resort to the various rules of construction." *Barnett v. Aetna Life Ins. Co.,* 723 S.W.2d 663, 665 (Tex.1987). Policy exclusions are strictly construed against the insurer. *Ramsay v. Maryland Am. Gen. Ins. Co.,* 533 S.W.2d 344, 349 (Tex.1976).

Because there is no dispute about the circumstances surrounding Zamora's injuries, this case presents a pure question of law about the meaning of Nautilus's employment-related exclusion. The parties agree that Zamora's injuries occurred in the course of her employment with Mariscos, and the sole question we face is whether Zamora's injuries "ar[ose] out of" her employment. The district court concluded that her injuries did. In reaching that conclusion, the district court imported the "positional risk" or "but for" test commonly applied in workers' compensation cases. *See Walters v. American States Ins. Co.,* 654 S.W.2d 423, 426 (Tex.1983); *Employers' Casualty Co. v. Bratcher,* 823 S.W.2d 719, 721-22 (Tex.App.-El Paso 1992, writ ref'd); *North River Ins. Co. v. Purdy,* 733 S.W.2d 630, 633 (Tex.App.-San Antonio 1987, no writ). The district court reasoned that "Zamora would not have been shot had she not been working as a cashier for Mariscos on March 19, 1993. Under the positional-risk test, therefore, her injuries "arose out' of her employment and fall within the [policy] exclusion."

We cannot conclude, however, that the Texas Supreme Court would turn to workers' compensation principles as a means of interpreting the terms of an insurance contract. First, the

4

positional-risk doctrine is a judicially created tool for interpreting Texas's workers' compensation statute, and not used for the purpose of interpreting insurance contracts. *See, e.g., Westchester Fire Ins. Co. v. American Gen. Fire & Cas. Co.,* 790 S.W.2d 816, 818 (Tex.App.-Austin 1990, no writ) (declining to follow decision which interpreted statute, rather than terms of insurance policy). Second, and perhaps most importantly, in an uninterrupted line of cases, Texas courts (including the Texas Supreme Court) have consistently interpreted policy language identical to that in this case and come to the conclusion that the language unambiguously excludes from coverage injuries occurring while the employee is performing work-related duties.[1] Our understanding of Texas insurance law comports with these decisions.[2]

---

[1]*See Transport Ins. Co. v. Standard Oil Co.,* 161 Tex. 93, 337 S.W.2d 284, 287 n. 3, 288-90 (1960), *overruled on other grounds, Commercial Standard Ins. Co. v. American Gen. Ins. Co.,* 455 S.W.2d 714 (Tex.1970); *T.I.M.E., Inc. v. Maryland Cas. Co.,* 157 Tex. 21, 300 S.W.2d 68, 70-71 (1957); *Truck Ins. Exch. v. Musick,* 902 S.W.2d 68, 70 (Tex.App.-Forth Worth 1995, writ ref'd); *National Union Fire Ins. Co. v. National Convenience Stores, Inc.,* 891 S.W.2d 20, 21 (Tex.App.-San Antonio 1994, no writ); *Westchester Fire Ins. Co.,* 790 S.W.2d at 818 & n. 2; *Aberdeen Ins. Co. v. Bovee,* 777 S.W.2d 442, 444 (Tex.App.-El Paso 1989, no writ); *Travelers Indem. Co. v. Cen-Texas Vending Co.,* 530 S.W.2d 354, 354-55 (Tex.Civ.App.-Eastland, writ ref'd n.r.e); *Olivier v. Life & Cas. Ins. Co.,* 440 S.W.2d 398, 400 (Tex.Civ.App.-Beaumont 1969, writ ref'd n.r.e.); *Metropolitan Life Ins. Co. v. Wilson,* 102 S.W.2d 454, 456-57 (Tex.Civ.App.-Beaumont 1937, no writ).

[2]*See Western Heritage Ins. Co. v. Magic Years Learning Ctrs. & Child Care, Inc.,* 45 F.3d 85, 90 (5th Cir.1995) (interpreting Texas insurance law); *Old Republic Ins. Co. v. Comprehensive Health Care Assocs., Inc.,* 2 F.3d 105, 108-110 (5th Cir.1993) (same); *National Union Fire Ins. Co. v. Kasler Corp.,* 906 F.2d at 197, 199-200 (same); *see also Acceptance Ins. Co. v. Hood,* 895 F.Supp. 131, 134 (E.D.Tex.1995) (same).

5

Here, it is undisputed that Zamora was performing her duties as a cashier when she was shot. We therefore hold that the Texas Supreme Court, if faced with the policy exclusion and facts of this case, would conclude that Zamora's injuries "arose out of" her employment and that therefore Nautilus had no duty to defend or indemnify Mariscos. *See T.I.M.E., Inc.,* 300 S.W.2d at 71 (holding that employee's injuries arose out of employment because employee was injured when "he was engaged in performing duties of his employment"); *National Union Fire Ins. Co.,* 891 S.W.2d at 21 (holding that exclusion applied because "[a]ll of the acts alleged that arguably resulted in [the employee's] bodily injury occurred on the defendant company's premises and during office hours or during an office party").

Judgment AFFIRMED.