# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 97-20087
Summary Calendar

SPHERE DRAKE INSURANCE COMPANY, PLC,

Plaintiff-Appellee,

versus

WATSON PACKER INCORPORATED,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
(H-96-CV-1144)

July 28, 1997

Before POLITZ, Chief Judge, KING and PARKER, Circuit Judges.

POLITZ, Chief Judge:[*]

Watson Packer, Inc. appeals an adverse summary judgment declaring that

Sphere Drake Insurance Company, PLC does not have the duty to defend or

indemnify it in a negligence action arising out of work it performed on a salt water

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disposal well. For the reasons assigned, we affirm.

## Background

Winfrey Oil Company, Inc., D.E. & J. Enterprises, Mark Hanrahan, and Win-Con Enterprises, Inc. (the underlying plaintiffs) were investors in an oil and gas well that required a salt water disposal well to produce profitably. In September 1993 they hired Watson Packer to install a liner in the salt water disposal well. Because of complications relating to that installation they subsequently sold their interest in the wells for a nominal amount and filed an action in state court alleging that Watson Packer negligently installed the liner causing them significant economic losses.

Watson Packer made a claim under its comprehensive general liability policy issued by Sphere Drake. The policy provided coverage from June 30, 1993 to June 30, 1994. Sphere Drake filed the instant declaratory judgment action seeking a determination that it had no duty to defend or indemnify Watson Packer. The district court granted Sphere Drake's motion for summary judgment to that effect. Watson Packer timely appealed.

## Analysis

We review a district court's entry of summary judgment *de novo*, applying

2

the same standards used by the district court.[1] Summary judgment is only proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.[2]

An insurer's duty to defend is determined under Texas law by the "eight corners rule."[3] That rule requires the courts to examine only the allegations in the plaintiff's complaint and the terms of the insurance contract.[4] If the complaint, viewed in the light most favorable to the plaintiff, asserts a claim that falls within the policy's scope of coverage, the insurer has a duty to defend.[5] Insurance policies are to be construed in favor of the insured to avoid exclusion of coverage, but "[t]hat rule does not apply . . . when the term in question is susceptible of only one reasonable construction."[6]

Section (d) of the provision of the instant policy entitled Oil Field Limitation Endorsement states that the policy does not provide coverage for any claims by:

---

[1] **Orleans Parish Sch. Bd. v. Asbestos Corp.**, 114 F.3d 66 (5th Cir. 1997).

[2] Fed.R.Civ.P. 56(c).

[3] **Nautilus Ins. Co. v. Zamora**, 114 F.3d 536 (5th Cir. 1997).

[4] **LaFarge Corp. v. Hartford Cas. Ins. Co.**, 61 F.3d 389 (5th Cir. 1995).

[5] **Id.**

[6] **Puckett v. United States Fire Ins. Co.**, 678 S.W.2d 936, 938 (Tex. 1984).

3

| | |
|---|---|
| (1) | Partners, if the named insured is a partnership; |
| (2) | Stockholders, if the named insured is a Corporation; |
| (3) | A party to a joint venture; |
| (4) | Any other person or entity which has a financial interest in the proceeds of oil or gas well. |

Watson Packer urges several arguments challenging the district court's conclusion that section (d)(4) exempts Sphere Drake from providing coverage. Those contentions were not raised in Watson Packer's response to Sphere Drake's motion for summary judgment. Arguments raised for the first time on appeal are not considered unless they involve purely legal questions and the failure to review them will result in manifest injustice.[7] Although Watson Packer's new arguments raise legal questions, we perceive no manifest injustice in refusing to entertain them. In any event, our *de novo* review of the district court's legal conclusions reveals no error. The claims of the underlying plaintiffs fit squarely within the section (d)(4) exclusion because it is not disputed that they had a financial interest in the oil and gas well at the time of their alleged losses, losses which were incurred during the life of the insurance policy.[8] Thus, the allegations in the plaintiffs' complaint and

---

[7] **Judwin Properties, Inc. v. United States Fire Ins. Co.**, 973 F.2d 432 (5th Cir. 1992).

[8] Watson Packer raised only one contention pertaining to section (d)(4) in the district court arguing that section (d)(4) only applied to persons who at the time the claims were made had a financial interest in the project. Watson Packer maintained that section (d)(4) was inapplicable to the claims of the underlying plaintiffs who sold their interest prior to filing suit. We agree with the district court that section (d)(4) "excludes coverage for claims

the terms of section (d)(4) mandate the conclusion that the claims by the underlying plaintiffs are excluded from coverage. We therefore hold that as a matter of law Sphere Drake has no duty to defend or indemnify Watson Packer.[9]

The judgment appealed is AFFIRMED.

by persons or entities with a financial interest in the project during the Policy period." The underlying plaintiffs had a financial interest in the oil and gas well at the time their claims arose. Their claims arose while the insurance policy was in effect. Section (d)(4) thus excludes Watson Packer from coverage.

[9] The duty to defend is broader than the duty to indemnify. **LaFarge**. It necessarily follows that if Sphere Drake has no duty to defend it has no duty to indemnify.