**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 00-41286

_____

SPHERE DRAKE INSURANCE PLC,

Plaintiff-Appellee,

versus

GAINSCO COUNTY MUTUAL INSURANCE COMPANY, et al.,

Defendants

TRUCK INSURANCE EXCHANGE, FARMERS INSURANCE EXCHANGE,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Texas, McAllen Division
(M-99-CV-128)
_____
August 21, 2001

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM[*]:

This appeal presents the question whether the Defendants-
Appellants Truck Insurance Exchange and Farmers Insurance Exchange
("Farmers") have a duty to defend Upper Valley Inc. (the "insured")
in underlying lawsuits against the insured. The district court

_____

[*] Pursuant to 5TH Cir. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH Cir. R. 47.5.4.

determined that Farmers has a duty to defend and granted summary judgment for Plaintiff-Appellee Sphere Drake Insurance ("Sphere Drake"), the insured's commercial general liability carrier. We affirm.

## I.

### FACTS AND PROCEEDINGS

The insured is a defendant in two personal injury suits, currently pending in Texas state court (the "underlying lawsuits").[1] Sphere Drake is defending the insured in the underlying suits pursuant to the Commercial General Liability ("CGL") policy that it issued to the insured.

In addition to Sphere Drake's CGL coverage, the insured had in force policies of business auto insurance (the "policies") issued by Farmers. The policies specified coverage of auto liability for the insured's pick-up trucks, half-ton trucks, and passenger vehicles. The policies contain pollution exclusion clauses which provide, in relevant part, that Farmers does not cover liability for bodily injury arising out of the actual or alleged discharge, dispersal, release or escape of pollutants that are being transported, or that are contained in any property being transported, by the covered autos. Insisting that when the

---

[1] Javier Benavides, et al. v. Magic Valley Concrete, Inc., Cause No. DC-96-89 in the 229th Judicial District Court of Starr County, Texas; Librador Amador, et. al. v. Alamo Concrete, Cause No. 16696 in the 229th Judicial District Court of Duval County, Texas.

claimants' allegations in the underlying lawsuits and the policies' pollution exclusion clauses are construed in pari materia they preclude any duty to defend, Farmers refused to participate in or contribute to the insured's defense.  Disagreeing with Farmers, Sphere Drake brought this suit to enforce Farmers's duty to defend the automobile-related claims against the insured in the underlying lawsuits.

## II.

## DISCUSSION

A.  Standard of Review

We review a grant of summary judgment de novo, applying the same standard as the district court.[2]  A motion for summary judgment is properly granted only if there is no genuine issue as to any material fact.[3]  An issue is material if its resolution could affect the outcome of the action.[4]  In deciding whether a fact issue has been created, we must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party.[5]

The standard for summary judgment mirrors that for judgment as

---

[2]  Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998).

[3]  Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

[4]  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

[5]  See Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 (5th Cir. 1999).

a matter of law.[6]  Thus, the court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence.[7]  In reviewing all the evidence, the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached.[8]

B.  Farmers's Duty to Defend

1.  Generality of Allegations

On appeal, Farmers contends that (1) the specific allegations made by the claimants against the insured by name trump the general allegations made against all defendants, thereby precluding any duty of Farmers to defend, and (2) the allegations in the underlying lawsuits fall under the policies' pollution exclusion clauses, likewise alleviating Farmers's duty to defend.

Farmers's position does not comport neatly with applicable case law or with a common-sense reading of the claimants' allegations.  First, Farmers's position requires reading "general allegation" to mean an allegation lodged against all defendants generically and "specific allegation" to mean one that targets only

---

[6]  Celotex Corp., 477 U.S. at 323.

[7]  Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000).

[8]  Id. at 151.

4

one particular defendant.  As these terms are employed in the case law, however, "general" and "specific" refer to the degree of detail in the substance of the allegation, not to the identity of the party or parties targeted by the allegation.[9]  Buying into Farmers's reading would contravene the accepted convention of collectively referring to multiple defendants as "defendants" for the purpose of common allegations.

The claimants' allegations categorized by Farmers as "general" are located in the sections of the complaints entitled "Facts Common to all Causes of Action" and "Negligence."  Most reasonably construed, this suggests that the claimants are alleging facts against all defendants as a convenient shorthand in lieu of redundantly re-alleging the same facts against each defendant by name.  Even if the proposition relied on by Farmers might make sense in a case comprising a single plaintiff, a single defendant, and a single subject matter, it does not comport with the situation in the underlying lawsuits, which comprise multiple plaintiffs, multiple defendants, and a large variety of claims.

Moreover, the allegations against all defendants and the

---

[9]  Cf. Monsanto v. Milam, 494 S.W.2d 534 (Tex. 1973) (specific pleading of facts giving rise to negligence controlled over general allegation of negligence); Chuck Wagon Feeding Co., Inc. v. Davis, 768 S.W.2d 360 (Tex. App. – El Paso 1989) (holding that specific allegations control where plaintiff generally alleged breach of contract, but then proceeded to specifically allege the exact terms of the breached contracts).

allegations against the insured by name are not limiting or mutually exclusive of each other. Read most reasonably, the allegations against all defendants include the insured and are complementary to the allegations against the insured individually, by name. As such, Farmers's duty to defend is not precluded by the form of the claimants' allegations.

## 2. The Texas "Eight Corners" Rule

Farmers's second argument on appeal is equally unpersuasive. Texas law commands courts to apply the so-called "Eight corners rule" when testing suits by insureds seeking to enforce insurers' duties to defend or indemnify.[10] Under this rule of construction, only allegations within the four corners of the complaint and terms within the four corners of the insurance policy itself can be considered by a court. In interpreting insurance policies under Texas law, our well-established canon specifies that "[w]hen courts apply the eight-corners rule, they must liberally interpret the allegations in the pleadings, resolving doubts in favor of the insured."[11] In juxtaposition to liberal interpretation of pleadings

---

[10] Guaranty Nat. Ins. Co. v. Azrock Industries, Inc., 211 F.3d 239, 243 (5th Cir. 2000); Nat. Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc., 939 S.W.2d 139, 141 (Tex. 1997).

[11] Guaranty Nat. Ins. Co.v. Azrock Indus., Inc., 211 F.3d 239, 243 (5th Cir. 2000); see also Clarendon America Ins. Co. v. Bay, Inc., 10 F. Supp. 2d 736, 740 (S.D. Tex. 1998) ("Courts must liberally construe the allegations of the pleadings, and any doubt concerning coverage is resolved in favor of the insured.") (citing Nautilus Ins. Co. v. Zamora, 114 F.3d 536, 538 (5th Cir. 1997)).

is another maxim which dictates that "[p]olicy exclusions are strictly construed against the insurer."[12] These complementary rules of interpretation must here be applied in the context of Farmers's inability to escape its duty to defend simply by showing that a few allegations are defeated by the pollution exclusion or that some of the insured's vehicles may not have been covered by it.[13]

The pollution exclusion clauses, in relevant part, exclude from coverage:

> "Bodily injury or property damage arising out of the actual, alleged or threatened discharge, dispersal, release or escape of pollutants:
>     (1)  That are, or that are contained in any property that is:
>         A.  Being transported or towed by, or handled for movement into, onto or from, the covered auto;
>         B.  Otherwise in the course of transit; or
>         C.  Being stored, disposed of, treated or processed in or upon the covered auto."

True enough, some of the claimants' allegations are eliminated from Farmers's responsibility by the pollution exclusions; yet several remain susceptible of an interpretation that places them outside the purview of the pollution exclusion, thereby obligating Farmers to defend the insured from these. For example, the claimants

---

[12] Clarendon, 10 F. Supp. 2d at 741 (citing Nautilus Ins. Co., 114 F.3d at 538).

[13] Enserch Corp. v. Shand Morahan & Co., Inc., 952 F.2d 1485, 1492 (5th Cir. 1992)("If any allegation in the complaint is even potentially covered by the policy then the insurer has a duty to defend its insured.").

allege:

> "Operation of the normally illegally tarped vehicles carrying sand, gravel and cement, off paved surfaces and onto areas where the sand, gravel and caliche has settled serves to cause more particulates and toxic substances to enter the lungs of the Plaintiffs herein...."

> "Defendants employ or permit drivers of vehicles to come into the facility, and the drivers do not use the permanent roads or portions of the facility with a cohesive hard surface.  As a result, the vehicles scatter toxic and non-toxic substances, which would then contact Plaintiffs."

> "Operation of vehicles off paved surfaces and onto areas where the dry cement has settled causes more particulates and toxic substances to contact plaintiffs."

These allegations are subject to the reasonable interpretation that some of the pollutants allegedly causing injury were not being transported by the insured's vehicles, but rather were already lying on the surface of unpaved roads and trails by virtue of prior escapement from other haulers and were thereafter stirred up by passing vehicles, including some belonging to the insured, of a type covered by the policies.

### 3.  Extrinsic Evidence

Farmers also argues that the claimants' Exposure Event Forms ("Event Forms"), purportedly incorporated into the claimants' complaints, as well as an internal Farmers Group Commercial Lines Manual ("Policy Manual"), preclude its duty to defend.  These contentions too are unavailing.

8

The Policy Manual is clearly outside of the "eight corners" rule and, as extrinsic evidence, could only be offered if it fits the limited exceptions to the rule. Moreover, even if we could properly review it, the Policy Manual only defines the type of vehicles Farmers intended to cover; it does not clarify whether the covered vehicles are the ones referenced in the claimants' allegations. Similarly, the Event Forms, assuming they are eligible for our consideration, do not preclude coverage. First, the Event Forms are voluminous and may only be considered if their incorporation by reference in the claimants' complaints is sufficient to bring them within the eight corners rule. Second, even assuming, _arguendo_, that the Event Forms can properly be considered under that rule, we have already concluded that a duty to defend arises when the complaints' "general" allegations are potentially covered by the policies. Hence, Farmers's argument that the allegations in the Event Forms do not come within its policies' purview, is fruitless.[14]

III.

CONCLUSION

Liberally construing the pleadings and strictly construing the

---

[14] Moreover, the Event Form allegations were incorporated against all defendants individually by name. They were not "specifically" directed at the insured at issue, and so Farmers cannot even seek refuge in its "general vs. specific" argument advanced above.

pollution exclusion, we conclude that Farmers has a duty to participate in defending the insured in the underlying lawsuits. In so doing, we neither express nor imply an opinion on the viability of the claimants' causes of action against the insured or on Farmers's duty to indemnify the insured if it should be cast in judgment. For the foregoing reasons, therefore, the district court's grant of summary judgment in favor of Sphere Drake is AFFIRMED.